IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LYDIA R. JACKSON,<br><br>　　　　　　Claimant,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>　　　　　　Respondent. | )<br>)<br>) No. 13-cv-5254<br>)<br>) Magistrate Judge<br>) Jeffrey T. Gilbert<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Claimant Lydia R. Jackson ("Claimant") sued Respondent Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"), seeking reversal or remand of the Commissioner's decision to deny Claimant's application for disability insurance benefits under Title II of the Social Security Act. Pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, the parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment. [ECF No. 7.]

Claimant has moved pursuant to Federal Rule of Civil Procedure 56 for summary judgment. [ECF No. 16.] For the reasons stated below, Claimant's motion for summary judgment is granted. The matter is remanded to the Social Security Administration ("SSA") for further proceedings consistent with the Court's Memorandum Opinion and Order.

## I. PROCEDURAL HISTORY

On February 3, 2010,[1] Claimant filed an application for disability insurance benefits, alleging a disability onset date of May 31, 2009. (R. 121, 128.) On May 13, 2010, the SSA initially denied the application. (R. 76.) Then, on September 1, 2010, the SSA denied the

---

[1] Claimant also filed an application on January 14, 2010, which was denied on February 10, 2010, because she had too much income. R. 60.

1

application on reconsideration. (R. 82.) An Administrative Law Judge ("the ALJ") held a hearing on December 14, 2011. (R. 33-55.) At that hearing, Claimant, who was represented by counsel, appeared and testified. (R. 33, 35-50, 54-55.) A vocational expert ("the VE"), also appeared and testified. (R. 33, 50-54.)

Several months after the hearing, on April 19, 2012, the ALJ issued her written decision. (R. 19-26.) In the decision, the ALJ went through two steps of the five-step sequential evaluation process and ultimately found Claimant not disabled under the Social Security Act. (R. 26.) At step one, the ALJ found that Claimant had not engaged in substantial gainful activity ("SGA") since May 31, 2009. (R. 21.) At step two, the ALJ found that Claimant had the medically determinable impairments of benign essential hypertension; status post cerebrovascular accident; and depressive disorder, nos. *Id.* The ALJ also found, though, that these impairments, individually and in combination, were not severe. *Id.* Because of this determination, the ALJ found Claimant not disabled under the Social Security Act. (R. 26.) The ALJ stopped here and did not continue through the other steps of the five-step analysis.

On May 10, 2012, Claimant sought review of the ALJ's decision. (R. 14.) On May 29, 2013, the Social Security Appeals Council denied Claimant's request. (R. 1-3.) Because of that denial, the ALJ's decision became the final decision of the Commissioner. (R. 1.); *see also Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009). Claimant now seeks review in this Court pursuant to 42 U.S.C. § 405(g). *See Haynes v. Baumhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. STANDARD OF REVIEW

A decision by an ALJ becomes the Commissioner's final decision if the Appeals Council denies a request for review. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000). A claimant then may seek review of this final decision in the district court. *Id.* Judicial review is limited to

determining whether the Commissioner's decision is supported by substantial evidence in the record and whether the ALJ applied the correct legal standards in reaching his decision. *Nelms v. Astrue,* 553 F.3d 1093, 1097 (7th Cir. 2009). The reviewing court may enter a judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). A "mere scintilla" of evidence is not enough. *Scott v. Barnhart,* 297 F.3d 589, 593 (7th Cir. 2002). Even when there is adequate evidence in the record to support the decision, however, the district court will not uphold the ALJ's findings if the ALJ did not "build an accurate and logical bridge from the evidence to the conclusion." *Berger v. Astrue,* 516 F.3d 539, 544 (7th Cir. 2008). In other words, if the Commissioner's decision lacks evidentiary support or adequate discussion of the issues, it cannot stand. *Villano v. Astrue,* 556 F.3d 558, 562 (7th Cir. 2009). Though the substantial evidence standard is deferential, a reviewing court must "conduct a critical review of the evidence" before affirming the Commissioner's decision. *Eichstadt v. Astrue,* 534 F.3d 663, 665 (7th Cir. 2008). The court may not, however, "displace the ALJ's judgment by reconsidering facts or evidence . . . ." *Elder v. Astrue,* 529 F.3d 408, 413 (7th Cir. 2008).

### III. ANALYSIS

Claimant raises three arguments. First, Claimant argues the ALJ erred at step two by failing to consider Claimant's inability to do her past work. Second, Claimant argues the ALJ erred by failing to order a psychological consultative exam. Third, Claimant argues the ALJ erred by failing to account for Claimant's physical limitations. Because the first failure requires remand, the Court need not address the second or third issues.

3

Both parties cite to the Social Security Program Operations Manual System ("POMS") when discussing the significance of Claimant's ability to do her past work. [ECF No. 16, at 6-7; ECF No. 23, at 3.] POMS is a non-binding internal guidebook used by the SSA. "POMS manual has no legal force." *Parker for Lamon v. Sullivan*, 891 F.2d 185, 190 (7th Cir. 1989). But "Social Security Ruling 13–2p requires an ALJ to follow POMS." *Frain v. Comm'r of Soc. Sec.*, 2014 WL 6750044, at *10 n.4 (N.D. Ind. Nov. 26, 2014). And courts consider it persuasive. *Thompson v. Astrue*, 2013 WL 393290, at *4 (N.D. Ind. Jan. 31, 2013). Regardless, neither party in this case disputes that the POMS' rule should control here.

As quoted by Claimant, POMS DI 22001.015, which was in effect at the time of the hearing, provided a disability claim should not be denied at step two where "the evidence shows the claimant cannot perform his or her past relevant work" even if Claimant only has "slight abnormalit[ies] which [have] no more than a minimal impact" on Claimant's ability to work. [ECF No. 16, at 6.] Following the submission of the parties' briefs in this case, POMS was modified. The new section relevant to this issue is DI 25005.050. This section is substantially similar, providing in clear terms that even a claimant without a severe impairment should not be denied benefits at step two where she has a non-severe impairment that "prevents ability to do past relevant work." An ALJ confronted with such a claimant must "[p]roceed through the [rest of the] sequential evaluation process" even after finding the claimant does not have a severe impairment. Again, neither party in this case contends otherwise.

"To determine if a claimant is capable of performing his or her past relevant work, an ALJ must compare the demands of the claimant's past occupation with his or her present capacity." *Steward v. Bowen*, 858 F.2d 1295, 1299-300 (7th Cir. 1988). When determining a claimant's ability to do past relevant work, an ALJ "may base his or her comparison 'on the

4

functional demands and job duties of the occupation as generally required by employers throughout the national economy.'" *Id.* at 1301 (quoting *Orlando v. Heckler*, 776 F.2d 209, 215 (7th Cir. 1985)). But this determination still must be made by considering whether the claimant "could perform the duties of the specific jobs that she had held." *Smith v. Barnhart*, 388 F.3d 251, 252 (7th Cir. 2004); *see also Getch v. Astrue*, 539 F.3d 473, 481 (7th Cir. 2008).

As discussed in Section I of this Opinion, the ALJ determined at step two of her analysis that Claimant did not have a severe impairment and the ALJ ended her analysis of whether Claimant was disabled or entitled to benefits there. The Commissioner argues that, in this case, the ALJ implicitly must have found Claimant was able to perform her past work. But the ALJ found only that Claimant did not have a severe impairment. (R. 21.) This is not a determination that Claimant can perform her past relevant work. After all, if it were, then the POMS provisions discussed above would be meaningless. The ALJ also found Claimant's impairments "do not significantly limit" her ability to work. (R. 26.) But this finding likewise is not sufficient. As the above case law makes clear, an ALJ must "compare the demands of the claimant's past occupation with his or her present capacity." *Steward*, 858 F.2d at 1299-1300. That was not done here.

The Commissioner defends this absence of analysis by arguing Claimant has not shown she has limitations that will prevent her from performing her past relevant work. This contention is misguided. Claimant clearly presented evidence that her impairments imposed at least some work-related limitations because the ALJ found her to have minimal limitations in concentration, persistence, or pace. (R. 25.) Such limitations may sometimes be accounted for by limiting a claimant to simple or routine tasks, but that is not always the case. *See Kobal v. Colvin*, 2015 WL 148579, at *3 ("The Seventh Circuit repeatedly has recognized that limiting a claimant to

simple or routine tasks does not necessarily account for or take into consideration a claimant's limitation in concentration, persistence or pace."). Moreover, in this case, Claimant's past relevant work was not simple. Rather, the VE testified that Claimant's past relevant work was semi-skilled, takes three months to learn, and does not constitute short, simple, routine, repetitive work. (R. 50-51.)

More fundamentally, it is the ALJ's responsibility to determine whether a claimant can perform her past relevant work after considering and weighing all of the evidence. The Seventh Circuit has recognized that even though a claimant has the burden of proof to show she cannot perform her past relevant work, "the ALJ still must make factual findings that support his conclusion." *Getch*, 539 F.3d at 480. The ALJ must "evaluate the claimant's physical and mental RFC" before making this determination. *Gotz v. Barnhart*, 207 F. Supp. 2d 886, 896 (E.D. Wis. 2002). This RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mills v. Colvin*, 959 F. Supp. 2d 1079, 1094 (N.D. Ill. 2013) (quoting SSR 96–8P). This Court has neither the responsibility nor the ability to make those factual findings and then construct its own RFC where the ALJ did not do so.

The Commissioner also argues this error was harmless because Claimant could perform other jobs in the national economy. At the hearing, the ALJ asked the VE whether there were "simple, routine, repetitive" jobs that involve "simple instructions." (R. 50, 51, 52.) And the VE identified some such jobs. (R. 51-53.) But, again, the ALJ never constructed an RFC in her opinion. This Court, thus, is unable to decipher where the limitations the ALJ included in her

6

hypotheticals came from or evaluate whether those limitations were supported by substantial evidence.

Essentially, this Court is left with a question that it cannot answer on the existing administrative record. The ALJ found that Claimant had mild limitations in concentration, persistence, or pace. This limitation may or may not be consistent with Claimant's ability to perform her past relevant work or other work that is available in the national economy. This is "the type of contested factual issue the ALJ should have resolved." *Getch*, 539 F.3d at 482. Without an RFC and an explanation of why that RFC is accurate and based on the evidence in the record, this Court cannot independently determine Claimant's ability to work. That means the Court cannot even determine whether the error is harmless such that remand "would be pointless," as the Commissioner argues. *Walters v. Astrue*, 444 F. App'x. 913, 919 (7th Cir. 2011). Accordingly, the case must be remanded.

## IV. CONCLUSION

For the above reasons, Claimant's motion for summary judgment is granted. The matter is remanded to the SSA for further proceedings consistent with the Court's Memorandum Opinion and Order.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: May 31, 2016

7